**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON**

| | | |
|---|---|---|
| Valencia McAfee | : | |
| 799 Kelford Place | : | |
| Dayton, Ohio 45426 | : | Civil Action No. 3:17-cv-72 |
| | : | |
| Plaintiff, | : | Judge |
| | : | |
| v. | : | Magistrate Judge |
| | : | |
| Wings of Love Services, LLC | : | **JURY DEMAND ENDORSED HEREON** |
| 3085 Woodman Dr., Ste. 120 | : | |
| Dayton, Ohio 45420 | : | |
| | : | |
| -and- | : | |
| | : | |
| Janon White | : | |
| 3085 Woodman Dr., Ste. 120 | : | |
| Dayton, Ohio 45420 | : | |
| | : | |
| Defendants. | : | |

## **COMPLAINT**

Now comes Valencia McAfee ("Plaintiff") and proffers this Complaint for damages against Wings of Love Services, LLC ("Defendant WLS") and Janon White ("Defendant White") (collectively, "Defendants") as follows:

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("the Ohio Wage Act"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio and Defendants have done substantial business in the Southern District of Ohio and are headquartered in the Southern District of Ohio.

## II. PARTIES

4. Plaintiff, Valencia McAfee, is an individual, a United States Citizen, and a resident of the State of Ohio.

5. At all times relevant herein, Plaintiff was an employee of Defendants as defined in the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 §34a.

6. At all times relevant herein, Plaintiff was a covered, non-exempt employee of Defendants who, pursuant to Section 7 of the FLSA, were required to receive not less than one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours.

7. Defendant Wings of Love Services, LLC is a domestic limited liability company with its principal place of business in the Southern District of Ohio. Defendant WLS provides in home care, local transportation, and related services for disabled adults and the elderly.

8. At all times relevant herein, Defendants have been an "employer" as that term is defined in the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 §34a.

9. Defendant WLS conducts substantial business in the Southern District of Ohio and has its headquarters in Dayton, Ohio.

10. Upon information and belief, Janon White ("Defendant White") is an individual, a United States Citizen, and a resident of the State of Ohio.

11. Upon information and belief, Defendant White is the Chief Executive Officer ("CEO") of Defendant WLS, and is believed to be the owner of WLS at all times relevant to this suit.

12. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, the OMFWSA, and Ohio Constitution Art. 2 §34a.

13. During relevant times, Defendant White, as CEO, founder and owner, has had operational control over significant aspects of the day-to-day functions of Defendant WLS, including the day-to-day functions of Plaintiff.

14. During relevant times, Defendant White has had the authority to hire, fire and discipline employees, including Plaintiff.

15. During relevant times, Defendant White has had the authority to set rates and methods of compensation of Plaintiff.

16. During relevant times, Defendant White has had the authority to control the work schedule and employment conditions of Plaintiff.

17. During relevant times, Defendant White has had ultimate authority and control of employment records.

18. During relevant times, Defendants have mutually benefitted from the work performed by Plaintiff.

19. During relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff.

20. During relevant times, Defendants shared the services of Plaintiff.

21. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff.

22. At all times relevant to this action, Defendants have been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

23. Upon information and belief, Defendants' employees were engaged in interstate commerce and Defendants have annual gross volume sales and/or business in an amount not less than $500,000.00.

24. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they are legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

25. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

26. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages and/or did not properly maintain such records.

### III. FACTUAL BACKGROUND

27. In or around May, 2016, Defendants hired Plaintiff as a part-time, non-exempt in-home care provider. Plaintiff is a certified nursing assistant.

28. Initially, Defendants did not require Plaintiff to provide any transportation services to their clients in addition to her in-home care duties.

29. Thereafter in or around August of 2016, Defendants needed additional drivers to provide local transportation services for their clients.

30. Defendants asked Plaintiff to additionally start providing client transportation services and Plaintiff agreed to begin providing such services.

31. Plaintiff's in-home care duties and scheduled hours did not change when she also began providing local transportation services for Defendants. At this time, Plaintiff began working as a full-time, non-exempt employee for Defendants.

32. Defendants required Plaintiff to spend significant amounts of time traveling and transporting their patients each day.

33. During this period when Plaintiff provided both local transportation services and in-home care for Defendants, Plaintiff regularly worked more than forty (40) hours per workweek, but was not paid at 1.5 times her regular rate for all hours worked over forty (40).

34. At the beginning of each shift in which she provided transportation services, Plaintiff was required to travel to Defendants' office to pick up Defendants' transport van approximately thirty (30) minutes prior to her first pick up. Similarly, at the end of each transportation shift, Plaintiff returned Defendants' transport van back to Defendants' office. Defendants did not pay Plaintiff for the time she spent: (1) traveling to Defendants' office to pick up the transport van; (2) traveling from Defendants' office to the first pick up location; and (3) traveling from the last drop-off location back to Defendants' office to return the transport van. Instead, Plaintiff was only compensated beginning when she arrived at the first pick up and continuing until the time she made the last drop-off.

35. In or around September of 2016 when Plaintiff received her first paycheck showing unpaid overtime hours worked, Plaintiff expressed her concern to Defendant White that Defendants should be paying her overtime wages for all hours worked over forty (40) per week

as a non-exempt hourly employee. Plaintiff asked Defendant White if she paid overtime wages for hours worked over forty (40) in a week.

36. Defendant White responded that "I don't pay overtime".

### IV. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**FLSA –UNPAID OVERTIME**

37. All of the preceding paragraphs are realleged as if fully rewritten herein. This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

38. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

39. The FLSA requires that covered employees be compensated for every hour worked in a workweek. See 29 U.S.C. § 206(b).

40. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 29 U.S.C. § 207(a)(1).

41. Plaintiff was a covered employee entitled to the FLSA's protections.

42. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

43. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "learned professional" employees, as that term is defined under the FLSA. See 29 CFR § 541.301.

44. Defendants are covered employers required to comply with the FLSA's mandates.

45. Defendants violated the FLSA with respect to Plaintiff by failing to pay Plaintiff at the rate of one and one half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek.

46. Defendants employed Plaintiff as an in-home care provider and driver from approximately May, 2016 through the date of this filing.

47. Defendants classified Plaintiff as a non-exempt, hourly employee at all times throughout her employment.

48. Defendants refused and failed to pay Plaintiff the overtime premium required by the FLSA throughout her employment.

49. Plaintiff routinely worked in excess of forty (40) hours per week.

50. Plaintiff should have been paid the overtime premium for hours worked in excess of forty (40) hours per week.

51. Defendants knew or should have known of the overtime payment requirement of the FLSA.

52. Plaintiff's classification as a non-exempt, hourly employee throughout her employment demonstrates Defendants knew or should have known it was required to pay Plaintiff overtime compensation.

53. Throughout her employment as an in-home care provider and driver for Defendants, Defendants have knowingly and willfully failed to pay Plaintiff the overtime wages she was due.

54. The job duties Plaintiff had in the years preceding the filing date of this Complaint did not exempt her from the overtime pay requirements, or any other requirement of the FLSA.

55. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

56. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, and all other remedies available, as result of Defendants' willful failure and refusal to pay overtime wages in violations of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

**SECOND CAUSE OF ACTION**
**R.C. 4111.03 – UNPAID OVERTIME**

57. All of the preceding paragraphs are realleged as if fully rewritten herein

58. This claim is brought under Ohio Law.

59. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111 et seq.; *see also*, 29 U.S.C §206(b).

60. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938. *See* O.R. C. § 4111.03 (A); *see also*, 29 U.S.C. § 207 (a)(1).

61. Plaintiff was a covered employee entitled to the Ohio Wage Act's protections

62. Plaintiff was not exempt from receiving Ohio Wage Act overtime benefits because she was not an exempt "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. See O.R.C. 4111.03(A), See also 29 C.F.R. §§ 541.0, et seq.

63. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not a "learned professional" employee, as that term is defined under the FLSA. See 29 CFR §541.301

64. Defendants are covered employers required to comply with the Ohio Wage Act's mandates

65. Defendants violated the Ohio Wage Act with respect to Plaintiff by failing to compensate her at the rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek

66. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

67. For Defendants' violations of the Ohio Wage Act, Plaintiff has suffered damages, Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## THIRD CAUSE OF ACTION
### R.C. 4113.15 —OPPA VIOLATION

68. All of the preceding paragraphs are realleged as if fully rewritten herein.

69. During relevant times, Defendants were covered by the OPPA and Plaintiff has been employed by Defendants within the meaning of the OPPA.

70. The OPPA requires Defendants to pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

71. During relevant times, Plaintiff was not paid all wages, including overtime wages at one and one-half times her regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

72. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

73. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law, and its actions entitle Plaintiff to liquidated damages in the amount of six percent of the amount of the unpaid overtime compensation owed or two hundred dollars, whichever is greater.

## FOURTH CAUSE OF ACTION
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

74. All of the preceding paragraphs are realleged as if fully rewritten herein.

75. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08; *see also*, 29 C.F.R. §§ 516.2 *et seq*.

76. During all times material to this complaint, Defendants were covered employers, and required to comply with the Ohio Wage Act's mandates.

77. Plaintiff was a covered employee entitled to the protection of the Ohio Wage Act.

78. During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Plaintiff by failing to properly maintain accurate records of all hours Plaintiff worked each workday and within each workweek.

79. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests judgment against the Defendants for an Order:

A. Finding that Defendants have failed to keep accurate records in accordance with the FLSA and Ohio law, Plaintiff is entitled to prove her hours worked with reasonable estimates;

B. Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

C. Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

D. Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

E. Awarding Plaintiff such other and further relief as the Court deems just and proper;

F. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

G. Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

H. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

Peter Contreras (0087530)
**CONTRERAS LAW, LLC**

PO Box 215
Amlin, Ohio 43002
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman